

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THOMAS DEWAYNE ELLASON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | NO. 4:16-CV-1032-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
## AND
## ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Thomas Dewayne Ellason, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After having considered the pleadings, state court records, and relief sought by Petitioner, the court has concluded that the petition should be denied.

### I. Factual and Procedural History

The factual background relevant to this case was set out in the district court's opinion and order in petitioner's prior federal habeas-corpus action as follows:

> Petitioner is serving a life sentence on his 1987 Tarrant County conviction for capital murder in Case No. 0295331D for an offense occurring on October 28, 1986. Petitioner was originally sentenced to death, but his sentence was reformed to life imprisonment. Petitioner has never been released from TDCJ on parole

>     or mandatory supervision. He is ineligible for
>     mandatory supervision and has been denied parole on
>     three [previous] occasions.

(Op. and Order, Ellason v. Davis, No. 4:15-CV-510-Y, doc. 12.)

By way of the instant petition, petitioner challenges the Board's July 18, 2016, denial of parole. (Pet. 2, 6-7, doc. 1.) He asserts that the Texas Board of Pardons and Paroles (the Board) based its denial on the following reason:

> 2D. The record indicates the instant offense has
> elements of brutality, violence, assaultive behavior,
> or conscious selection of victims vulnerability
> indicating a conscious disregard for the lives, safety,
> or property of others, such that the offender poses a
> continuing threat to public safety.

(Pet'r's Mem. 3, doc. 2.) Petitioner was notified of the denial on July 19, 2016. (Resp't's Answer, Ex. A, doc. 13.) His next parole review date will be in June 2023. (*Id.*)

## II. Issues

In an exhaustive, single-spaced memorandum, petitioner claims the BOP has abused its discretion by denying him release on parole in violation of the Due Process, Equal Protection, Double Jeopardy, Confrontation, and Ex Post Facto Clauses of the Texas and United States Constitutions and the Supreme Court's decision in *Brady v. Maryland*. According to petitioner, he has a protected liberty interest in release on parole, but the Texas Board of Pardons and Paroles (the Board) continues to violate his rights by failing to conduct an impartial, unbiased hearing regarding his suitability; denying him a meaningful opportunity

2

to be heard, to review the contents of his parole file and correct any errors or "false entries," to present evidence and witnesses in his favor, to be notified of the evidence and witnesses to be used against him, and to be present during the interview with the commissioners assigned to his case; denying him parole each time based on the same "blanket" reason while ignoring "the many positive aspects of his incarceration"; failing to provide "some evidence" to support the denials; failing to consider his good and work time when making its determination; accepting the opinion of a parole counselor; giving him a 7-year set off; punishing him twice for the same criminal offense by denying parole based on the nature of the offense or past criminal record; and applying parole laws not in effect when he committed the offense. (Pet'r's Mem. 2-13, doc. 2.) Petitioner further claims that prison officials have violated his rights under the Cruel and Unusual Punishment Clause, the Rehabilitations Act, and the American with Disabilities Act by failing to consider and allow him to take "rehabilitative class" and "therapeutic community" programs for drug addiction, denying him medical treatment for his serious medical needs, and discriminating against him because of his disabilities. (*Id.* at 13-22.) Additionally, petitioner claims that, with his flat time and good time, he is entitled to release on mandatory supervision under the law in effect when he committed the crime based on a

3

life expectancy of 60 years. (*Id.* at 11-12.) Finally, in a supplemental memorandum, petitioner claims that the Texas legislature violated the separation of powers doctrine by placing authority with the Board, instead of a judge, to evaluate and make decisions regarding a prisoner's potential for rehabilitation and whether his release would endanger the public. (Pet'r's Suppl. Mem. 5-7, doc. 17.)

Petitioner raised one or more of the claims in a state habeas-corpus application, and the state habeas court entered the following legal conclusions relevant to his claims:

3. Release to parole is within the sound discretion of the parole board.

4. Texas prison inmates have no protected liberty interest that is protected by due process.

5. Texas law does not create a liberty interest that is protected by due process.

6. Because there is no liberty interest in obtaining parole, an applicant cannot attack the constitutionality of procedural ways of parole decision.

7. "The parole panel has great discretion in the regular parole review process."

8. [Petitioner] has failed to prove that the Board denied him liberty.

9. [Petitioner] has failed to prove that he can attack the constitutionality of the parole procedures.

10. [Petitioner] has failed to prove that he has a liberty interest and constitutional expectation of parole.

4

11. [Petitioner] has failed to prove that he has a due process right in release to parole.

. . .

17. "A prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the board when the calendar time he served plus any accrued good conduct time *equal the maximum term to which he was released [sic]*."[1]

18. "Under a literal reading of this law, it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life.

19. Because [petitioner] was sentenced to life in prison, he cannot be released to mandatory supervision.

20. [Petitioner] has failed to prove that he should be eligible for release to mandatory supervision.

(State Habeas R. 97-99, doc. 15-8 (citations omitted) (emphasis in original).[2]) In turn, the Texas Court of Criminal Appeals denied petitioner's state application based on the habeas court's findings. (Action Taken, doc. 15-6.) Based on the discussion below, the state courts' conclusions are not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. §

---

[1]The correct wording of the statute is: "A prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the board when the calendar time he served plus any accrued good conduct time equal the maximum term to which he was <u>sentenced</u>." Act. of May 30, 1977, 65th Leg., R.S., ch. 347, § 15, 1977 Tex. Gen. Laws. 925, 927 (emphasis added).

[2]"State Habeas R." refers to the record of petitioner's state habeas proceeding in WR-79,456-03.

2254(d). Consequently, petitioner is not entitled to federal habeas relief.

### III. Discussion

A habeas corpus petitioner under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *Id.* § 2254(a). Thus, to the extent petitioner claims the Board's denial violates Texas laws or the Texas Constitution, he fails to state a claim(s) cognizable on federal habeas review. *Sharp v. Johnson*, 107 F.3d 282, 290 (5th Cir. 1997); *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993).

*A. Due Process and Equal Protection of the Law*

Petitioner makes various claims throughout his pleadings that his rights under the Due Process Clause and/or *Brady v. Maryland*, 373 U.S. 83 (1963), were violated and that the Board abused its discretion by acting arbitrarily with respect to its decision. (Pet'r's Mem. 2-10, doc. 2; Pet'r's Suppl. Mem. 1-4, doc. 17.) The Supreme Court has recognized that states have no duty to establish a parole system and prisoners have no constitutional right to be released before the expiration of a valid sentence. *Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987) (providing "statutes or regulations that provide a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest"); *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 11 (1979) (providing statutes holding out

"the *possibility* of parole provides no more than a mere hope that the benefit will be obtained" and do not trigger due process protections). In light of this authority, the Fifth Circuit has recognized repeatedly that the Texas parole statutes create no constitutional right to release on parole because they encourage no expectancy of early release. *See Williams v. Briscoe,* 641 F.2d 274, 277 (5th Cir. 1981), *cert. denied,* 454 U.S. 854 (1981).

Thus, contrary to petitioner's assertion, neither Texas laws nor the United States Constitution creates a liberty interest in parole. *Greenholtz,* 442 U.S. at 7. Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. *Johnson v. Rodriguez,* 110 F.3d 299, 308 (5th Cir.), *cert. denied,* 552 U.S. 995 (1997) (stating that "because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds"). Therefore, petitioner has no claim for violation of due process in the procedures the Board uses to make a parole decision, access to and examination of his parole file, accurate information in the file, the guidelines affecting his suitability for parole, the frequency of parole reviews, or the factors considered by the Board to reach its decision. *Portley v. Grossman,* 444 U.S. 1311, 1312-13 (1980); *Rodriguez,* 110 F.3d at

308 n.13; *Allison v. Kyle,* 66 F.3d 71, 73-74 (5th Cir. 1995); *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995); *Cook v. Whiteside,* 505 F.2d 32, 34 (5th Cir. 1974). *See also Craft v. Texas Bd. of Pardons and Paroles,* 550 F.2d 1054, 1056 (5th Cir. 1977) (providing "[p]arole Board standards in deciding parole applications are of concern only where arbitrary action results in the denial of a constitutionally protected liberty or property interest. The expectancy of release on parole is not such an interest"). Additionally, being ineligible for mandatory supervision, petitioner has no protected liberty interest in his accrued good or work time. *Malchi v. Thaler,* 211 F.3d 953, 957-58 (5th Cir. 2000).

Petitioner lumps his equal protection claim in with his due process claims. He asserts that, in addition to allowing parole counselors to make parole recommendations and determinations, the Board's denial of a fair and impartial hearing and an opportunity to evaluate his personal parole file in its entirety violate his right to due process and equal protection of the laws. (Pet'r's Mem. 4, 48-9, doc. 2.) However, he fails to further develop the argument or establish that, without adequate justification, he was denied parole or treated unfairly from other prisoners similarly situated or that he was denied parole based upon discriminatory treatment due to an improper motive, such as race. To assert that he is being treated unfairly by the Board's

8

arbitrary decision-making, alone, is insufficient to state an equal protection claim. *See Clark v. Owens,* 371 Fed. App'x 553, 2010 WL 1286867, at *1 (5th Cir. 2010).

*B. Double Jeopardy*

Petitioner claims the Board is repeatedly punishing him for the same criminal offense by denying parole based on the nature of his offense or his past criminal record and by retracting the use of his earned good time credits. (Pet'r's Mem. 7, 11, doc. 2; Pet'r's Suppl. Mem. 5, doc. 17.) The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *United States v. Ursery,* 518 U.S. 267, 273 (1996). The denial of parole is not an additional punishment for the original offense. *Olstad v. Collier,* 326 Fed. App'x 261, 2009 WL 1116284, at *3 (5th Cir. 2009). Therefore, the fact that petitioner may be eligible for parole and yet remains confined without an expectancy of an early release does not constitute a double jeopardy violation. Nor does retraction of his use of accrued good time violate the Double Jeopardy Clause. *Id.*

*C. Ex Post Facto Clause*

Petitioner claims that the Board violated the Ex Post Facto Clause by applying state statutes and procedures enacted after the commission of the offense that created a significant risk of

9

prolonging his incarceration. (Pet'r's Mem. 5, 10, doc. 2; Pet'r's Suppl. Mem. 7-8, doc. 17.) Under the Ex Post Facto Clause, "[l]egislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts." *Collins v. Youngblood,* 497 U.S. 37, 43 (1990). A statute need not impair a vested right to violate the ex post facto prohibition. *Allison,* 66 F.3d at 74. A statute violates the Ex Post Facto Clause only if it "retroactively alter[s] the definition of crimes or increase[s] the punishment for criminal acts." *California Dep't of Corr. v. Morales,* 514 U.S. 499, 504-05 (1995). A denial of parole merely requires the prisoner to serve out the remainder of his sentence; it does not lengthen the sentence imposed by the court or increase the range of imprisonment authorized by the legislature. Thus, such denial and/or retroactive application of changes in Texas parole statutes do not constitute an ex post facto violation. *See Wallace v. Quarterman,* 516 F.3d 351, 355-56 (5th Cir. 2008); *Orellana,* 65 F.3d at 32; *Olstad v. Collier,* 326 Fed. App'x 261, 264, 2009 WL 1116284, at *1-2 (5th Cir. 2009); *Cruz v. Texas Parole Div.,* 87 Fed. App'x 346, 2004 WL 190251, at *1 (5th Cir. 2004).

Additionally, the increase in the number of years between set-offs does not violate the Ex Post Facto Clause. *Garner,* 529 U.S. at 250-57; *Morales,* 514 U.S. at 500. Although, legislative

changes affecting a prisoner's eligibility for parole may have ex post facto implications if they create a sufficient risk of increasing the punishment for the prisoner's crime, a procedure that creates a merely speculative or attenuated risk of increasing the measure of punishment does not violate the Ex Post Facto Clause. *Garner,* 529 U.S. at 254; *Morales,* 514 U.S. at 508-00; *Wallace,* 516 F.3d at 354 (quoting *Collins v. Youngblood,* 497 U.S. 37, 43 (1990)) (internal quotations marks omitted); *Warren v. Miles,* 230 F.3d 688, 692 (5th Cir. 2000). Here, the Board's ability to impose a longer set-off between petitioner's parole reviews creates only a speculative risk of increased punishment.

D. *Confrontation Clause*

Petitioner claims that his rights under the Confrontation Clause were violated because he was not notified of, or provided with, the evidence to be used against him and was unable to confront and cross-examine his accusers–*i.e.,* the Board members or voting commissioners. (Pet'r's Mem. 5, doc. 2; Pet'r's Suppl. Mem. 4-5, doc. 17.) The Confrontation Clause applies to the states and "guarantees the right of a criminal defendant 'to be confronted with the witnesses against him.' The right of confrontation includes the right to cross-examine witnesses." *Richardson v. Marsh,* 481 U.S. 200, 206 (1987). However, the right is guaranteed only in "criminal prosecutions." U.S. CONST. amend. VI. A parole review hearing is not a criminal prosecution. Thus,

11

the Confrontation Clause does not apply to parole review hearings. *Gonzalez v. Texas Bd. of Pardons & Paroles,* No. A-12-CA-1000-SS, 2012 WL 5399095, at *5 (W.D.Tex. 2012).

*E. Separation of Powers*

Petitioner's separation of powers claim is also without merit. (Pet'r's Suppl. Mem. 5-7, doc. 17.) "The principle of separation of powers is not enforceable against the states as a matter of federal constitutional law." *Atwell v. Nichols,* 608 F.2d 228, 230 (5th Cir. 1979), *cert. denied,* 446 U.S. 995 (1980). In addition, any alleged violation of a state separation of powers doctrine would not implicate any federal constitutional right. *See Baca v. Owens,* No. 07-51148, 2008 WL 3380769, at *1 (5th Cir. 2008) (per curiam) (finding no violation of the separation of powers doctrine when the claims involve only state branches of government); *Estes v. Thaler,* No. H-11-1012, 2011 WL 1427980 at *2 (S.D.Tex. 2011) (providing "petitioner's argument based on separation of powers concerns state branches of government, and does not implicate the federal separation of powers doctrine").

*F. Mandatory Supervision*

Petitioner claims that with his flat and good time credits he has served well over the maximum term to which he was sentenced based on a life expectancy of 60 years, therefore he is eligible for mandatory supervision release under the law in

12

effect when he committed the offense. (Pet'r's Mem. 11-12, doc. 2.) This claim was rejected by the Fifth Circuit in petitioner's civil rights action in *Ellason v. Owens,* 526 Fed. App'x 342, 2013 WL 1490657, at *3-4 (5th Cir. 2013).

*G. Eighth Amendment, Americans with Disabilities Act, and Rehabilitation Act*

To the extent petitioner claims deliberate indifference to his "medical care treatment," denial of acceptance into prison rehabilitative and treatment programs, official oppression, and/or discrimination in violation of the Eighth Amendment's Cruel and Unusual Punishment Clause, the Americans with Disabilities Act, and/or the Rehabilitation Act, the claims are not compatible with and do not sound in habeas corpus, as they do not impact the fact or duration of petitioner's confinement. (Pet'r's Mem. 13-22, doc. 2.) *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973).

For the reasons discussed herein,

The court ORDERS that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied. The court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not

made a substantial showing of the denial of a constitutional right.

SIGNED January 11, 2018.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE